IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| THANUS BRYANT, #652883 | § | |
| VS. | § | CIVIL ACTION NO. 9:07cv173 |
| BRENDA HOUGH | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Thanus Bryant, an inmate previously confined at the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on July 27, 2007. The Plaintiff complained about the medical care provided by Nurse Hough. After reviewing the complaint, the Court conducted an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was held on November 20, 2007. Regional Grievance Coordinator Chip Satterwhite, Warden Timothy Lester and Nurse Barbara Hughes attended the hearing in order to answer any questions the Court may have concerning prison policies or the Plaintiff's records.

Only sworn testimony and authenticated records were accepted during the *Spears* hearing, and the evidence submitted by prison personnel was considered by the Court only to the extent that it does not contradict the inherently plausible and credible evidence offered by the Plaintiff. *Vernado*

1

*v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). The Plaintiff gave the Court permission to review his prison records.

The Plaintiff was confined at the Eastham Unit in August, 2005. On August 3, 2005, he submitted a request to have a growth removed on his shoulder blade. The Plaintiff testified that the growth was three inches long and two inches wide. On the following day, Nurse Hough examined him and concluded that he had a sebaceous cyst. She attempted to remove it but was unable to remove it all. She also gave him Naproxen 500 mg. tablets for pain. She did not order any follow-up examinations. On the same day, he submitted a request asking when he would go to John Sealy Hospital to have the growth removed since Nurse Hough was unsuccessful in removing all of it. On August 5, 2005, the Plaintiff returned to the infirmary because he was experiencing pain from the growth. Nurse Blake examined him, and then she had Physician's Assistant Lowry Powers examine him. P.A. Powers removed a specimen from the growth and sent it to a pathology lab. On August 19, 2005, the lab report came back with a diagnosis of dermatofibromsarcoma, a form of cancer. The Plaintiff noted that this type of cancer is rare. He was sent to John Sealy Hospital on August 23, 2005. The cancer was removed. He had to undergo radiation treatments after his surgery. The Plaintiff testified that the cancer has not reoccurred. He complained that Nurse Hough tried to remove the growth herself even though she did not know what it was. He wanted to go to John Sealy Hospital, but she tried to resolve the matter without referring him. He asked for $150,000 in compensatory damages and $100,000 in punitive damages.

Nurse Barbara Hughes testified under oath from the Plaintiff's medical records. She testified that the Plaintiff's testimony was consistent with the medical records. Nurse Hough tried to remove the growth on August 4, 2005. The Plaintiff was then sent to John Sealy Hospital. The lesion was

removed in November, 2005, and a skin graft was performed with skin from the Plaintiff's thigh. The Plaintiff received radiation treatments after the surgery.

The Plaintiff testified that the Court could review the Plaintiff's records. The medical records show that Nurse Hough, who was designated as a nurse practitioner, attempted to remove the growth and that no sebaceous cyst was found. Lidocaine was placed on the growth. Nurse Hough issued instructions to have the dressing changed for three days. There are several clinic notes about Nurse Blake changing the dressing. A clinic note dated August 18, 2005, recorded that the Plaintiff was visibly upset when he received the diagnosis of dermatofibromsarcoma. He was scheduled to see P.A. Powers, who saw the Plaintiff on the following day and issued instructions to expedite an urgent referral. A lab report noted that the mass was removed on November 15, 2005. It was 2.5 x 3 x 1.5 cm. in length. The medical records contain numerous reports regarding radiation treatments and follow-up visits.

In evaluating the Plaintiff's claim, the Court notes that deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

In *Domino v. Texas Department of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239 F.3d 752, 756 (5th Cir. 2001). Unsuccessful medical treatment does not give rise to a civil rights action. *Johnson v. Treen*, 759 F.2d at 1238. Complaints about the type of diagnostic tools used likewise do not give rise to a civil rights action. "But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. at 107.

In the present case, Nurse Hough was responsive to the Plaintiff's needs. She made a mistake in diagnosing his growth as a sebaceous cyst, which she tried to remove. She did not refuse to treat him. She did not ignore his complaints. There is no indication that she intentionally treated him incorrectly. Instead, she simply made an incorrect diagnosis, which does not provide a basis for a potentially meritorious civil rights lawsuit.

The Plaintiff complained that Nurse Hough did not refer him to John Sealy Hospital. On the day after he saw Nurse Hough, the Plaintiff was examined by P.A. Powers, who had a specimen sent to the pathology lab. The growth was then diagnosed as dermatofibromsarcoma. P. A. Powers then

expedited a referral that resulted in surgery in November, which was followed by radiation treatments. At best, the Plaintiff has a complaint about a one day delay in having a specimen sent to the pathology lab. A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). The facts as alleged do not give rise to an inference that Nurse Hough was deliberately indifferent. Moreover, the Plaintiff failed to show that he experienced substantial harm due to any delays caused by Nurse Hough's failure to send a specimen to the pathology lab on August 4, 2005. He has not shown that he has a basis for a potentially meritorious civil right lawsuit against Nurse Hough. The facts as alleged fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the civil rights lawsuit is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **10** day of **December, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

5